1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
7                            AT SEATTLE

8  _____
                                    )
9  MART LIIKANE,                    )    No. C05-1829RSL
                        Plaintiff,  )
10            v.                     )    ORDER DECLINING TO RECUSE
                                    )    VOLUNTARILY AND REFERRING
11  CITY OF SEATTLE, *et al.*,       )    MOTION TO THE HONORABLE
                                    )    MARSHA J. PECHMAN FOR REVIEW
12                     Defendants.   )
   _____ )
13

14                      **I.  INTRODUCTION**

15        This matter comes before the Court on plaintiff's "Affidavit of Prejudice" (Dkt. #43).  In

16  his affidavit, plaintiff argues that the undersigned has been prejudicial in this case and moves for

17  the undersigned to recuse himself.  The Court has reviewed the record and plaintiff's affidavit of

18  prejudice.  For the reasons set forth below, the undersigned declines to recuse voluntarily.

19                       **II.  DISCUSSION**

20  **A.    Background**

21        On March 23, 2006, plaintiff filed a motion for default against the City of Seattle, the

22  City Attorney of Seattle, Darby DuComb, the Police Department of Seattle, Officer Eric Michl,

23  the Department of Planning and Development, the Department of Licensing, and Hank Landis.

24  See Dkt. #22.  On April 19, 2006, the Court denied plaintiff's motion for default because the

25  Department of Planning and Development had not been served in a manner authorized by Fed.

26  R. Civ. P. 4 and as required by Local Rule 55(a), and plaintiff failed to give the defendants City

ORDER

of Seattle, the City Attorney of Seattle, Darby DuComb, the Police Department of Seattle, Officer Eric Michl, the Department of Licensing, and Hank Landis written notice of his motion for entry of default prior to filing it as required by Local Rule 55(a).

On September 15, 2006, plaintiff filed an affidavit of prejudice alleging that the undersigned should be disqualified "because he, so far, has been prejudicial, partial, bias [sic] and unfair in conducting this case." See Dkt. 43 at 1. Although plaintiff does not set forth in his affidavit of prejudice any actions of the undersigned that have been "prejudicial, partial, bias[ed] and unfair," in "Plaintiff's Opposition to City of Seattle's Motion to Compel," filed the same day as the affidavit of prejudice, plaintiff stated:

> The tribunal who, pursuant to his oath of office, failed to be impartial and did not uphold the U.S. Constitution, conspiered [sic] with the defendants and their shyster by commiting [sic] perjury in his "Order Denying Motion for Default."

Dkt. #44 (Plaintiff's Opposition to City of Seattle's Motion to Compel) at 4, ¶13.

**B.   Analysis**

Local General Rule 8(c) states:

> Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this court is filed pursuant to 28 U.S.C. § 144, the clerk shall refer it to the chief judge. If the motion is directed at the chief judge, the clerk shall refer it to the next senior active judge. Before a ruling is made on the motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]
> A judge must recuse himself if a reasonable person would believe that he is unable to be

impartial.  <u>Yagman v. Republic Ins.</u>, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective

inquiry regarding whether there is an appearance of bias, not whether there is bias in fact.

<u>Preston v. United States</u>, 923 F.2d 731, 734 (9th Cir. 1991); <u>United States v. Conforte</u>, 624 F.2d

869, 881 (9th Cir. 1980); <u>see</u> <u>also</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) (explaining

the narrow bases for recusal).  A litigant cannot, however, use the recusal process to remove a

judge based on adverse rulings in the pending case:  the alleged bias must result from an

extrajudicial source.  <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues the undersigned has been "prejudicial" in "conducting this case."  <u>See</u>

Dkt. #43.  Plaintiff does not, however, identify any extrajudicial source of the alleged prejudice:

the only suggestion of bias is the undersigned's conduct in this case and the earlier decision

denying plaintiff's motion for default.  <u>See</u> <u>id.</u>; Dkt. 44 at 4, ¶13.  In such circumstances, the risk

that the litigant is using the recusal motion for strategic purposes is considerable.  <u>See</u> <u>Ex Parte</u>

<u>Am. Steel Barrel Co. and Seaman</u>, 230 U.S. 35, 44 (1913).  Because a judge's conduct in the

context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is

prompted solely by information that the judge received in the context of the performance of his

duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance

of bias.

### III.  CONCLUSION

For all of the foregoing reasons, it is ORDERED that the undersigned DECLINES to

recuse voluntarily.  Plaintiff's affidavit of prejudice (Dkt. #43) is hereby referred to the

Honorable Marsha J. Pechman for review under Local General Rule 8(c).  Consideration of the

pending Motion to Compel (Dkt. #40), noted for consideration on September 22, 2006, is

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER                                              -3-

1    STAYED until Judge Pechman has had an opportunity to review plaintiff's affidavit and this

2    order.

3

4        DATED this 21st day of September, 2006.

5

6

7                                                Robert S. Lasnik
                                                 United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER                                      -4-