UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MART LIIKANE,

          Plaintiff,

   v.

CITY OF SEATTLE, et al.,

          Defendants.

No. C05-1829RSL

ORDER

      This matter comes before the Court under Local General Rule 8(c). Plaintiff has submitted an affidavit of prejudice against Chief Judge Robert S. Lasnik, which may be construed as a motion to recuse Judge Lasnik from this case. (Dkt. No. 43). Judge Lasnik has declined to recuse himself voluntarily and has referred this matter to the undersigned for review. Having reviewed Plaintiff's affidavit and the balance of the records in this case, the Court DENIES Plaintiff's motion to recuse for the reasons stated below.

      As Judge Lasnik noted in declining to recuse himself from this matter, a judge must disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned. See 28 U.S.C. § 455; see also 28 U.S.C. § 144 (permitting a party to submit an affidavit alleging bias or prejudice against him or in favor of an adverse party). Here, Plaintiff alleges in his affidavit of prejudice that Judge Lasnik:

ORDER - 1

> [H]as been prejudical [sic], partial, bias [sic], and unfair in conducting this case. He has not abided by his oath of office by not upholding to the law of the land, the U.S. Constitution. He has applied, without any legal authority from Congress, two different set of rules to the litigants. On one hand favoring his fellow shysters and on the other the self representing law abiding citizen.

(Dkt. No. 43 at 1).

Plaintiff's affidavit of prejudice does not refer to any specific actions by Judge Lasnik. However, in a pleading titled "Opposition to City of Seattle's Motion to Compel" that was filed on the same day as Plaintiff's affidavit (Dkt. No. 44), Plaintiff appears to allege that Judge Lasnik exhibited bias by denying a motion for default judgment that Plaintiff filed on March 23, 2006.

The Court has reviewed Judge Lasnik's ruling on Plaintiff's motion for default judgment. (Dkt. No. 33). Judge Lasnik denied this motion because: (1) all but one of the defendants had entered appearances prior to Plaintiff's filing of his motion for default and Plaintiff failed to give those defendants written notice of his motion prior to filing, as required by Local Rule 55(a); and (2) for the one defendant who had not appeared prior to the filing of Plaintiff's default motion, it appeared that Plaintiff had not served that entity in a manner authorized by Fed. R. Civ. P. 4.

In determining whether a judge must recuse himself or herself from a case, the test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983). The Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, recusal is ordinarily required "'only if the bias or prejudice stems from an extrajudicial source,' and not from a judge's conduct or rulings during the course of judicial proceedings." King v. U.S. Dist. Court for the Cent. Dist. of Cal., 16 F.3d 992, 994 (9th Cir. 1994). Recusal is also warranted if a judge expresses opinions during a proceeding that "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

ORDER - 2

1    Here, nothing in Judge Lasnik's ruling on Plaintiff's motion for default judgment reflects deep-
2 seated antagonism or favoritism, nor does the ruling suggest any reliance on extrajudicial sources.
3 Although Plaintiff appears to allege that Judge Lasnik "conspiered [sic] with the defendants and their
4 shyster by commiting [sic] perjury in his 'Order Denying Motion for Default,'" (Dkt. No. 44 at 4), this
5 allegation is wholly conclusory.
6    In sum, there is no basis for the Court to find that a reasonable person with knowledge of all
7 the facts would conclude that Judge Lasnik's impartiality in this matter might reasonably be
8 questioned.  Therefore, Plaintiff's motion to recuse Judge Lasnik from this matter is DENIED.
9    The clerk is directed to provide copies of this order to Plaintiff, to all counsel of record, and to
10 Judge Lasnik.
11   Dated:   September 27, 2006.

        s/Marsha J. Pechman
        Marsha J. Pechman
        United States District Judge

ORDER - 3