UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MART LIIKANE,

    Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C05-1829L

ORDER GRANTING
MOTION TO QUASH

    This matter comes before the Court on defendants' motion to quash the subpoena duces tecum that plaintiff served on defense counsel, Stephen Larson, commanding him to appear for a deposition on January 10, 2007 and to bring with him "[a]ll the papers and documents that you and your partner have filed and served in this case." (Dkt. #65).

    Plaintiff has not shown good cause to obtain the discovery he seeks. The attorney-client privilege and work product doctrines are bedrock principles. A party would have to make a *very* compelling showing to depose another party's counsel, especially one who, as in this case, has done nothing to make himself a witness in the case. Plaintiff has not come close to making such a showing. He has offered no explanation for why he allegedly needs to depose defense counsel or obtain copies of the documents in his file.

ORDER GRANTING
MOTION TO QUASH - 1

Instead, it appears that plaintiff is merely using the subpoena to obtain another copy of documents he should already have.  He has already received a copy of all the papers and documents that defendants have filed and served in this case.

Nevertheless, and even though the documents are available to the public, plaintiff seeks the documents from defense counsel because "the court has destroyed (according to clerk) originally filed documents and plaintiff does not operate the electronical [sic] system."  Plaintiff's Response at p. 1.  Defendants should not be subjected to the cost and burden of compiling another set of documents for plaintiff's convenience.  If he would like another copy of the documents filed in this case, he can use the electronic filing system or come to the courthouse and view the docket.  He may request from the clerk copies of any documents in the docket for a nominal fee.

Accordingly, defendants' motion to quash the subpoena is GRANTED and the subpoena is quashed.

Both parties have requested that the Court impose sanctions against the other party.  Plaintiff's request for sanctions is frivolous and is denied.  Defendants' request has more merit.  Plaintiff has multiplied the proceedings and needlessly forced defendants to incur additional costs by seeking to depose opposing counsel without any legal basis.  Furthermore, although plaintiff states that the Court clerk informed him that *original* documents are destroyed, he apparently made no effort to inquire about obtaining copies.  In addition, plaintiff's subpoena did not comply with the Federal Rules of Civil Procedure, and he sought to take discovery after the deadline to do so expired, although he subsequently filed a motion to extend that deadline.  Although the issue is a close call, the Court has decided to deny defendants' request for sanctions because plaintiff is proceeding *pro se* and because he may have been confused about the proper way to

ORDER GRANTING
MOTION TO QUASH - 2

obtain the documents. The Court may impose sanctions in the future, however, if plaintiff fails to comply with the Local Rules or Federal Rules of Civil Procedure, or if he again multiplies or obstructs the proceedings in violation of General Rule 3.

DATED this 25th day of January, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO QUASH - 3