UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MART LIIKANE,

　　　　　Plaintiff,

　　v.

CITY OF SEATTLE, *et al.*,

　　　　　Defendants.

Case No. C05-1829L

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS HANK LANDIS AND WASHINGTON STATE DEPARTMENT OF LICENSING

# I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #58) filed by defendants Washington State Department of Licensing ("DOL") and Hank Landis, a DOL hearing examiner (collectively, the "moving defendants").[1]

For the reasons set forth below, the Court grants the moving defendants' motion.

# II. DISCUSSION

**A.　Background Facts.**

---

[1] The remaining defendants have filed a separate motion for summary judgment which is noted for February 16, 2007.

1    Landis was the hearing examiner appointed by the Director of DOL to preside over
2 a hearing to suspend plaintiff's driver's license.  Plaintiff was stopped by Officer Eric
3 Michl on or around November 12, 2002 and his blood alcohol level at the time was
4 allegedly above the legal limit.  The hearing occurred in January 2003.  Landis
5 considered the evidence, including documents submitted by Liikane, and issued a written
6 decision sustaining DOL's intention to suspend plaintiff's driver's license for 90 days.
7 Plaintiff subsequently appealed the decision in King County Superior Court.  The action
8 was dismissed without prejudice for failure to prosecute.

   In his Complaint, plaintiff alleges the following regarding the moving defendants:

> [DOL] and on or about January 13, 2003 the said Defendant erroneously suspended the plaintiff's driver's license, placing the plaintiff into a difficult situation by not allowing him to carry on his business as needed for his livelyhood [sic], along with pain and suffering and extra waist [sic] of time, effort and money in an attempt to regain his driver's license. Complaint at pp. 4-5.

> On or about January 7, 2003, the Defendant Hank Landis conducted a hearing in connection with a unlawful and illegal traffic stop without a valid probable cause by Defendant Eric Michl. Defendant Landis knowingly & purposefully produced a totally incorrect "findings of fact and conclusions of law" in order to cover-up for Defendant[s] [Officer Michl and the Department of Planning and Development]. Defendant Landis did not mention at all in his "findings" the actual and factual truth that occurred on November 13, 2002. Complaint at p. 5.

**B.    Summary Judgment Standard.**

   On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec.

Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## C.  Analysis.

In his opposition to the moving defendants' motion, plaintiff repeatedly notes that he is not asserting a claim under 42 U.S.C. § 1983.  Plaintiff's Opposition at p. 4 ("Again, Liikane has not asserted any claims under § 1983"); id. at p. 5.  Instead, he asserts a claim under the Fourteenth Amendment of the Constitution.  Id. at p. 4.  Plaintiff, however, cannot assert a claim directly under the Constitution against state entities and officials because Congress has provided an alternative, effective remedial scheme in § 1983.[2]  See Carlson v. Green, 446 U.S. 14, 18-19 (1980) (explaining that where Congress has provided an alternative remedial scheme, which is intended to be a substitute for direct recovery under the Constitution, a direct action is unavailable).  Accordingly, plaintiff is precluded from bringing a direct action under the Constitution for the claims alleged against the moving defendants.

Plaintiff also alleges that he has a right to recover damages under 28 U.S.C. § 1343.  Plaintiff's Opposition at p. 7.  However, Section 1343 does not create a cause of action.  Instead, it confers jurisdiction where plaintiff has otherwise stated a valid cause of action.  See, e.g., Deleo v. Rudin, 328 F. Supp. 2d 1106, 1114 (D. Nev. 2004).  Accordingly, plaintiff is not entitled to relief under Section 1343.

---

[2] Even if he asserted claims under Section 1983, they would fail.  Landis was acting in a quasi-judicial role as a DOL hearing examiner, and is therefore entitled to absolute immunity.  See, e.g., Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916 (9th Cir. 2004).  Furthermore, neither of the moving defendants is a "person" capable of being sued for money damages under Section 1983, and claims against state agencies are barred by the Eleventh Amendment.  See, e.g., Will v. Michigan State Police, 491 U.S. 58, 71 (1989) (explaining that states and their agencies are not "persons" under Section 1983); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

1  Because plaintiff is not entitled to relief directly under the Constitution or Section
2  1343, he has disclaimed any Section 1983 claim, and he has not asserted claims under
3  any other statute, he has failed to state a claim for which relief may be granted. His
4  claims must therefore be dismissed.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the moving defendants' motion for summary judgment (Dkt. #58) and dismisses plaintiff's claims against Landis and DOL.

DATED this 7th day of February, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4