UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MART LIIKANE,

    Plaintiff,

    v.

CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C05-1829L

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #78) filed by defendants the City of Seattle (the "City"), Seattle City Attorney Thomas Carr, Assistant City Attorney Darby DuComb, the City of Seattle Police Department, Seattle Police Officer Eric Michl, Seattle Police Lieutenant David Emerick, and the Department of Planning and Development of the City (collectively, the "remaining defendants").[1]

---

[1] On February 7, 2007, the Court granted a motion for summary judgment filed by defendants the Washington State Department of Licensing ("DOL") and Hank Landis, a DOL hearing examiner. The other defendant, Ed Backmon, was dismissed on March 31, 2006.

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT - 1

After the remaining defendants filed their motion, plaintiff filed his "Motion for Summary Judgment for Order of Default Judgment and or Jury Trial." (Dkt. #83).

For the reasons set forth below, the Court grants the remaining defendants' motion and denies plaintiff's motion.

## II. DISCUSSION

**A.    Background Facts.**

Plaintiff's claims arise from three unrelated incidents.  First, on October 17, 2002, Inspector Ed Backmon of the Department of Planning and Development issued two notices of land use violations for two properties on Aurora Avenue belonging to plaintiff. Backmon observed that the lots were being used for "junk" storage and for parking. DuComb, on behalf of the City, filed two civil complaints against plaintiff in Seattle Municipal Court seeking penalties for violations of the land use code.  The Seattle Municipal Court granted summary judgment in favor of the City on liability.  Plaintiff appealed the judgments to the King County Superior Court.  Judge Dean Lum denied plaintiff's appeals and his claim that his right to a jury trial had been violated. Declaration of Darby DuComb, (Dkt. #78-3), Ex. 8.  The Court of Appeals Commissioner held that the order was not appealable as of right and denied discretionary review.  The Commissioner also rejected plaintiff's claim that he had been denied his right to a jury trial.  Id., Ex. 9.

Second, on November 13, 2002, Seattle Police Officer Eric Michl stopped plaintiff in his vehicle for driving at a speed above the speed limit, flashing his high beam headlights, and repeatedly sounding his horn for no apparent reason.  During his conversation with plaintiff, Officer Michl detected signs of alcohol intoxication.  Officer Michl placed plaintiff under arrest for DUI.  Plaintiff's subsequent breath tests showed

blood alcohol levels of .123 and .116, in excess of the legal limit. Plaintiff appeared in Seattle Municipal Court on November 16, 2002 and the judge entered a finding of probable cause. Declaration of Stephen Larson, (Dkt. #78-1) ("Larson Decl."), Ex. A at SPD 000038. Following a DOL hearing, the DOL Officer found probable cause. DOL suspended plaintiff's driver's license.

Third, on November 6, 2003, Lieutenant David Emerick was stopped in his vehicle waiting to turn left when plaintiff's car read-ended Lieutenant's Emerick's vehicle. Plaintiff alleges that Lieutenant Emerick engaged in fraud by unnecessarily having the car towed and repaired at what plaintiff argues was excessive cost to the taxpayers.

On September 28, 2006 the Court granted defendants' motion to compel discovery. The Court ordered plaintiff to fully answer the City's discovery requests and to pay sanctions of $717.50. Defendants allege that plaintiff did not supply complete answers to the discovery requests, which justifies dismissal. Although plaintiff disputes whether his responses were complete, he concedes that he has not paid the sanctions the Court ordered him to pay.[2]

**B.    Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir.

---

[2] If this case were to continue, the Court would consider imposing additional sanctions on plaintiff, including possible dismissal, for his refusal to comply with the Court's order. In light of the pending dispositive motions, however, the Court prefers to resolve the matter on the merits.

1  2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving
2  party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec.
3  Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

4  **C.    Analysis.**

5  **       1.    Plaintiff's Motion for Summary Judgment.**

6  In his motion for summary judgment, plaintiff requests a default judgment against
7  defendants. Plaintiff alleges that defendants "failed to submit a notice of appearance and
8  or answer to summons and complaint within the 20 days . . . ." Plaintiff's Motion at pp.
9  11-12. Plaintiff previously moved for an order of default against all defendants. The
10 Court denied the motion on April 19, 2006 because all of the defendants, except one who
11 had not been properly served, had entered notices of appearance and answered plaintiff's
12 complaint. Plaintiff also failed to give defendants notice of his motion as required by the
13 Local Rules. Plaintiff's current request for a default judgment is duplicative and
14 meritless. Also, if plaintiff's motion is construed as a motion for reconsideration, it is
15 untimely. Accordingly, the Court denies plaintiff's motion for summary judgment.

16 **       2.    The Remaining Defendants' Motion for Summary Judgment.**

17 Plaintiff alleges that the remaining defendants violated his constitutional rights
18 under the Fourth, Seventh, and Fourteenth Amendments. Plaintiff repeatedly notes that
19 he is not asserting a claim under 42 U.S.C. § 1983. Plaintiff's Motion at pp. 2, 10.
20 Plaintiff, however, cannot assert a damages claim directly under the Constitution against
21 state entities and officials because Congress has provided an alternative, effective
22 remedial scheme in § 1983. See Carlson v. Green, 446 U.S. 14, 18-19 (1980) (explaining
23 that where Congress has provided an alternative remedial scheme, which is intended to be
24 a substitute for direct recovery under the Constitution, a direct action is unavailable).

25

26 ORDER REGARDING CROSS MOTIONS
   FOR SUMMARY JUDGMENT - 4

1  Accordingly, plaintiff is precluded from bringing a direct action under the Constitution
2  for the claims alleged against the remaining defendants.

3       Plaintiff also alleges that he has a right to recover damages under 28 U.S.C.
4  § 1343. Plaintiff's Motion at p. 2. However, Section 1343 does not create a cause of
5  action. Instead, it confers jurisdiction where plaintiff has otherwise stated a valid cause
6  of action. See, e.g., Deleo v. Rudin, 328 F. Supp. 2d 1106, 1114 (D. Nev. 2004).
7  Accordingly, plaintiff is not entitled to relief under Section 1343. Because plaintiff is not
8  entitled to relief directly under the Constitution or Section 1343, he has disclaimed any
9  Section 1983 claim, and he has not asserted claims under any other statute, his claims
10 based on alleged constitutional violations must be dismissed.

11      Even if plaintiff were permitted to sue directly under the Constitution or if he
12 alleged Section 1983 claims, his claims would fail. First, plaintiff alleges that the City,
13 the City Attorney, and the Assistant City Attorney violated his right to a jury trial in the
14 zoning matters. The City Attorney and Assistant City Attorney are entitled to absolute
15 immunity. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (holding that state
16 prosecutors are entitled to absolute immunity at common law and under 42 U.S.C.
17 § 1983). Regardless, plaintiff had no constitutional right to a jury trial when there was no
18 genuine issue of material fact. See, e.g., Diamond Door Co. v. Lane-Stanton Lumber Co.,
19 505 F.2d 1199, 1203 (9th Cir. 1974). The state court considered and rejected plaintiff's
20 argument that he was denied his right to a jury trial, and plaintiff is not entitled to
21 relitigate the issue before this Court. See, e.g., Worldwide Church of God v. McNair,
22 805 F.2d 888, 890 (9th Cir. 1986). Second, Plaintiff has not alleged or shown the
23 existence of an official policy, custom or practice that would allow him to sue the City
24 based on the actions of its employees. Monell v. Dep't of Social Servs., 436 U.S. 658

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT - 5

1   (1978).

2   Third, plaintiff alleges that Officer Michl violated his constitutional rights by
3   stopping and arresting him without probable cause.  Plaintiff, however, admits that
4   Officer Michl had probable cause to stop him.  Plaintiff's Motion at p. 6; Plaintiff's
5   Objection at p. 4.[3]  Plaintiff argues that Officer Michl lacked probable cause to arrest him
6   for DUI.  However, the record shows that Officer Michl had probable cause to arrest
7   plaintiff based on his driving, his conduct, his refusal to cooperate, the fact that he
8   admitted that he had been drinking,[4] and based on Officer Michl's detection of the signs
9   of alcohol intoxication.  Declaration of Officer Eric Michl, (Dkt. #78-5), Ex. C; Larson
10  Decl., Ex. A (determination of probable cause by the Seattle Municipal Court);
11  Declaration of Hank Landis, (Dkt. #59) at p. 25 (DOL finding of probable cause to stop
12  plaintiff for DUI).  Although Liikane alleges that Officer Michl falsified the results of the
13  blood alcohol level tests, he has no evidence to support that accusation.  Under the
14  circumstances, an objectively reasonable officer would have concluded, as Officer Michl
15  did, that he had probable cause for the arrest.  See, e.g., Maryland v. Pringle, 540 U.S.
16  366, 371 (2003); Hanson v. City of Snohomish, 121 Wn.2d 552, 563 (1993) (explaining
17  that "probable cause is a complete defense to an action for false arrest and
18  imprisonment").  Furthermore, because there was no constitutional violation, Officer
19  Michl is entitled to qualified immunity.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).

20  ────────────────

21      [3] In light of plaintiff's *pro se* status, the Court considered his improperly filed
22  "objection" to defendants' reply in support of their motion.

23      [4] Plaintiff argues that there is a genuine issue of material fact because he told
    Officer Michl at the scene that he had consumed two drinks, but Officer Michl's report
24  states that he admitted consuming one drink.  Plaintiff's Motion at p. 4.  That issue does
    not create a genuine issue of material fact or undermine probable cause.
25

26  ORDER REGARDING CROSS MOTIONS
    FOR SUMMARY JUDGMENT - 6

1    Fourth, all of plaintiff's state law tort claims, including his fraud claim against
2 Lieutenant Emerick, are barred by his failure to file a claim for damages with the City
3 prior to filing this suit as required by RCW 4.96.020(4).  The statute requires claimants to
4 first present the claim to the governing body of the local government entity, then wait 60
5 days prior to filing suit.  Id.  Failure to comply with the statutory requirement requires
6 dismissal.  See, e.g., Wright v. Terrell, 135 Wn. App. 722, 739 (2006).  Regardless,
7 plaintiff has not raised a genuine issue of material fact regarding whether Lieutenant
8 Emerick engaged in fraud.  Although plaintiff alleges that the bill to repair the vehicle
9 was excessive, Lieutenant Emerick did not repair it himself or control whether, how,
10 when or where it was towed or repaired.  Declaration of Lieutenant Emerick, (Dkt. #78-4)
11 at ¶¶ 7, 8; Declaration of Andrew Depola, (Dkt. #78-6) at ¶ 6 (explaining that he made
12 the decision to have Lieutenant Emerick's vehicle towed because it was not drivable).

### III.  CONCLUSION

14    For all of the foregoing reasons, the Court GRANTS the remaining defendants'
15 motion for summary judgment (Dkt. #78) and DENIES plaintiff's motion for summary
16 judgment (Dkt. #83).  Defendants' motion did not address Officer Michl's and Lieutenant
17 Emerick's counterclaims for malicious prosecution under RCW 4.24.350.  Within ten
18 days of the date of this order, defendants must notify the Court regarding whether they
19 plan to pursue those claims now that all of plaintiff's claims have been dismissed.

21    DATED this 7th day of March, 2007.


                                    *signature*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT - 7